UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP,<br><br>  Plaintiff,<br><br>  v.<br><br>ABC-AMEGA, INC., et al.,<br><br>  Defendants. | Case No. 24-cv-07388-AMO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

This action concerns the purported attempted collection from *pro se* Plaintiff Ronald Cupp of a debt owed to Defendant BDO USA, P.C. ("BDO") by nonparty AGC Enterprises, Inc. ECF 1. Defendants BDO and ABC-Amega, Inc. move to dismiss Cupp's complaint. ECF 8. The motion is fully briefed and is suitable for determination without oral argument. *See* Civ. L.R. 7-6. Thus, the Court **VACATES** the April 10, 2025 hearing. Having carefully reviewed the parties' papers and the relevant legal authority, the Court **GRANTS** Defendants' motion for the reasons discussed below.

I.  **BACKGROUND**[1]

Cupp alleges that between May 2022 and December 2022, BDO – an accounting firm – purchased or took over an account of a company called AGC Enterprises, and demanded of Cupp payment in an amount of $6,720.00. Compl. ¶¶ 7-9, 19. BDO made these demands first by email, and subsequently by phone calls. Compl. ¶¶ 9, 15. Cupp also received phone calls from ABC-Amega, a licensed collection agency. Compl. ¶ 15. In total, Cupp received 13 phone calls – eight

---

[1] As it must, the Court accepts Cupp's well-pleaded allegations in the complaint as true and construes the pleadings in the light most favorable to him. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

from BDO and five from ABC-Amega. Compl. ¶¶ 15-16. Cupp disputed the debt in writing as well as over the phone with employees of both BDO and ABC-Amega. Compl. ¶ 13. As a result of the collection attempts, Cupp has suffered anxiety, headaches, loss of sleep, and humiliation. Compl. ¶ 21.

Cupp filed a complaint in this Court on October 23, 2024, alleging violations of the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the California Fair Debt Collection Practices Act ("Rosenthal Act"). ECF 1 at 4-9. On November 18, 2024, BDO filed a motion to dismiss Cupp's complaint for failure to state a claim, ECF 8, which ABC-Amega, Inc. joined on November 19, 2024, ECF 11. On December 9, 2024, Cupp filed his opposition, ECF 17, and on December 16, 2024, BDO replied, ECF 18.

## II.   DISCUSSION

Defendants move to dismiss Cupp's complaint because his FDCPA and Rosenthal Act claims are barred by the statute of limitations and additionally urges the Court to dismiss the Cupp's TCPA claim because he has failed to state a claim. The Court first addresses Defendants' statute of limitations argument before considering whether Cupp has adequately pleaded his claims.

FDCPA and Rosenthal Act violations trigger a one-year statute of limitations. *See Brown v. Transworld Systems, Inc.*, 73 F.4th 1030, 1040 (9th Cir. 2023); *see also* 15 U.S.C. 1692k(d); *Poorsina v. Peak Foreclosure Servs., Inc.*, 2021 WL 308609, at *3 (N.D. Cal. Jan. 29, 2021). Cupp alleges he received BDO's and ABC's phone calls between May 2022 and December 2022. Compl. ¶ 19. In his opposition, Cupp concedes that when he filed his complaint in October 2024, the statute of limitations on his FDCPA and Rosenthal Act claims had already expired, ECF 17 at 4-5. Accordingly, those claims must be dismissed.

Turning to Cupp's remaining claim under the TCPA, the Court finds that Cupp has not adequately pleaded the claim. Cupp alleges BDO violated the TCPA, which prohibits "any person within the United States, or any person outside the United States if the recipient is in the United States, to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ."

47 U.S.C. § 227(b)(1)(A)(iii).  To state a claim under this provision of the TCPA, Cupp must establish three elements: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Defendants first argue Cupp's claim fails to because Cupp does not allege that Defendants used an ATDS to call him, the second element.  ECF 8-1 at 15.  The Court agrees.  The TCPA defines an "automatic telephone dialing system" as "equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).  To survive a motion to dismiss, a plaintiff needs to "proffer factual allegations that support a reasonable inference that an ATDS was used." *Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*, No. 16-CV-05486-JCS, 2017 WL 733123, at *8 (N.D. Cal. Feb. 24, 2017) (citing *Brown v. Collections Bureau of Am., Ltd.*, 183 F. Supp. 3d 1004, 1005 (N.D. Cal. 2016)).  Cupp asserts that "Defendant(s) . . . use[d] an automatic telephone dialing system," Compl. ¶ 15, but this is no more than a "threadbare recital[] of the elements of the claim for relief, supported by mere conclusory statements," *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  Without additional factual support, the Court must conclude that Cupp has not adequately pleaded an ATDS was used.

Indeed, the reasonable inference drawn from the factual allegations in the complaint suggests the opposite – that the phone calls Cupp received were made by live operators seeking to speak with Cupp specifically.  "Where . . . a 'plaintiff's own allegations suggest direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS,' courts conclude that the allegations are insufficient to state a claim for relief under the TCPA."  *Duguid v. Facebook, Inc.*, No. 15-cv-00985-JST, 2016 WL 1169365, at *5 (N.D. Cal. Mar. 24, 2016) (quoting *Flores v. Adir Int'l, LLC*, No. 15-cv-00076-AB, 2015 WL 4340020, at *4 (C.D. Cal. July 15, 2015)).  That is the case here.  For example, Cupp alleges he "talked to a lady who was making phone collections from a controller's office of BDO in TN," Compl. ¶ 17, and that he received a call from someone "claiming to be VP of ABC [who] threatened she would have someone local sue [him]," Compl. ¶ 15.  Thus, as presently pleaded, Cupp's complaint does not

3

1  support a reasonable inference that Defendants used an ATDS. *Abante Rooter & Plumbing*, 2017
2  WL 733123, at *8.
3        Defendants argue Cupp's TCPA claim also fails because he consented to the
4  communications, and has failed to establish the third element. Because Cupp has not sufficiently
5  alleged that Defendants used an ATDS, the Court need not consider whether Cupp has adequately
6  pleaded that he did not consent to the calls. A plaintiff may amend a complaint only to allege
7  "other facts consistent with the challenged pleading," *Schreiber Distrib. Co. v. Serv-Well*
8  *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986), and the Court is skeptical that Cupp can
9  allege that Defendants used an ATDS without contradicting allegations in his complaint.
10 However, because leave to amend "shall be freely given when justice so requires . . . and this
11 policy is to be applied with extreme liberality," *Morongo Band of Mission Indians v. Rose*, 893
12 F.2d 1074, 1079 (9th Cir. 1990), dismissal of Cupp's complaint is without prejudice.

### III. CONCLUSION

Because Cupp's FDCPA and Rosenthal Act claims are barred by the statute of limitations, those claims are **DISMISSED WITH PREJUDICE**. Moreover, as Cupp has failed to state a claim under the TCPA, that claim is **DISMISSED** with leave to amend solely for the purpose of adding allegations regarding whether Defendants used an ATDS and whether Cupp consented to the communications. Any amended complaint **SHALL BE FILED** no later than May 1, 2025. In preparing a second amended complaint, Cupp may wish to contact the Federal Pro Bono Project's Help Desk – a free service for pro se litigants – by calling (415) 782-8982 to make an appointment to obtain legal assistance from a licensed attorney. More information about the program is available online at the Court's website, https://www.cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: March 26, 2025

                                                         **ARACELI MARTÍNEZ-OLGUÍN**
                                                         **United States District Judge**