UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP,<br><br>    Plaintiff,<br><br>    v.<br><br>ABC-AMEGA, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-07388-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 29 |

Before the Court is Defendant BDO USA, P.C.'s ("BDO") motion to dismiss self-represented Plaintiff Ronald Cupp's first amended complaint ("FAC"), Dkt. No. 29, which defendant ABC-Amega joined, Dkt. No. 30. This Order assumes familiarity with the facts and procedural history of this case. The motion is fully briefed and because it is suitable for decision without oral argument, the Court vacated the August 14, 2025 hearing. *See* Fed. R. Civ. P. 78; Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers, the arguments made therein, and the relevant legal authority, the Court hereby **GRANTS** BDO's motion for the following reasons.

The Court previously found Cupp failed to state a claim under the Telephone Consumer Protection Act ("TCPA"), and granted leave to amend solely for the purpose of adding allegations regarding whether Defendants used an automatic telephone dialing system ("ATDS") and whether Cupp consented to the communications. Dkt. No. 27 at 4. An ADTS is "equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). To survive the motion to dismiss, Cupp "need not somehow have inside knowledge of a defendant's operations and equipment to survive dismissal under Rule 12(b)(6), rather, he . . . merely must proffer factual allegations that support a reasonable inference that an ATDS was used." *Abante Rooter &*

*Plumbing, Inc. v. Pivotal Payments, Inc.*, No. 16-CV-05486-JCS, 2017 WL 733123, at *8 (N.D. Cal. Feb. 24, 2017) (citing *Brown v. Collections Bureau of Am., Ltd*, 183 F.Supp.3d 1004, 1005 (N.D. Cal. 2016)).

For the most part, Cupp's additions in the FAC are legal arguments regarding the "capacity" of the equipment used to call him. Cupp stresses that he "can not factually state how defendants['] phone/text system works at this stage, pending some discovery, but upon information and belief, defendants' system does have the ***capacity*** . . . to store and produce numbers and to dial such numbers." FAC ¶ 12 (emphasis in original). Acknowledging the lack of factual allegations regarding the functionality of the equipment used to make the calls to him, Cupp asserts that his "layman's understanding [is] that the only software or equipment that does not have the ATDS '***CAPACITY***' is a hard-wired old type of rotary phone" for which "[n]othing can plug in or add or change the system." FAC ¶ 26.

However, in interpreting the TCPA, the U.S. Supreme Court has held "a necessary feature of an autodialer under § 227(a)(1)(A) is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called," because if the requirement were simply that a telephone have the capacity to autodial stored phone numbers that had not been randomly or sequentially generated in the first instance, such interpretation "would capture virtually all modern cell phones, which have the capacity to store numbers to be called and dial such numbers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 405-06 (2021) (citing 47 U.S.C. § 227(a)(1)) (internal quotation marks and modifications omitted). Cupp is therefore mistaken that all modern phones have the requisite ADTS "capacity" under § 227. If Cupp means to say that any phone other than a "non-wired old type of rotary phone" has ADTS capacity because it has the potential to obtain the capacity through modification of the device, Cupp provides no authority supporting such an interpretation, and that interpretation runs counter to the Supreme Court's interpretation of the statute. *See id*; *cf. Gragg v. Orange Cab Co.*, 995 F.Supp.2d 1189, 1195 (W.D. Wash. 2014) (interpreting "capacity" under § 227 "to mean 'is capable of,' not 'could be capable of' or 'has the potential to be capable of.' ").

Cupp may be right that it is not possible to know until after the pleading stage whether an

ATDS was used, FAC ¶ 24, but knowledge is not required at this stage; rather, he must state a claim plausible on its face. He has not done so. In the absence of knowledge or evidence of a device's ATDS capacity, certain facts can support an inference of such capacity sufficient at the pleading stage to survive a motion to dismiss. For example, in *Brown*, the court denied a motion to dismiss a TCPA claim, rejecting the defendant's argument that the plaintiff's "inability to allege any facts about the content of the calls he received (because he does not suggest he answered any of them) means his allegations that defendant used an ATDS are fatally conclusory." *Brown*, 183 F.Supp.3d at 1005. There, the plaintiff alleged the defendant called him using an ATDS at least sixteen times, and he alleged that he had read internet complaints about calls from the same phone numbers. *Id.* While the court recognized that internet complaints by anonymous third parties likely would not be admissible evidence, it concluded the plaintiff had stated a claim that was facially plausible. *Id.*

Here, however, Cupp has put forth no such facts, and thus has failed to plausibly allege the calls were made from a device with ATDS capacity. In his initial complaint, Cupp alleged several facts that the Court found to be inconsistent with his allegations that a ATDS was used. For example, Cupp alleged initially that he "talked to a lady who was making phone collections from a controller's office of BDO in TN," Compl. ¶ 17, and that he received a call from someone "claiming to be VP of ABC [who] threatened she would have someone local sue [him]," Compl. ¶ 15. Cupp has omitted these allegations from the FAC. While no new facts in the FAC contradict these previous allegations, *see Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (a plaintiff may amend a complaint only to allege "other facts consistent with the challenged pleading"), Cupp has not included additional facts supporting his allegation that the calls were made using an ATDS. In short, the FAC suffers the same deficiencies as the initial complaint. The Court therefore need not reach the issue of whether Cupp consented to the calls to determine dismissal of the complaint is appropriate. Accordingly, the motion to dismiss is **GRANTED**.

Cupp requests that if the Court dismiss the FAC he be allowed to amend the complaint. Dkt. No. 35 at 6. Although leave to amend should be given freely, *Morongo Band of Mission*

3

Case 3:24-cv-07388-AMO   Document 44   Filed 10/02/25   Page 4 of 4

1  *Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990), Cupp has had two opportunities to plead a TCPA
2  claim and has failed to do so.  Accordingly, it is clear that further amendment would be futile.
3  *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (finding no abuse of
4  discretion in denying leave to amend where the amendment would be futile).  Cupp's FAC is thus
5  dismissed with prejudice.

   **IT IS SO ORDERED.**

   Dated: October 2, 2025

   _____
   **ARACELI MARTÍNEZ-OLGUÍN**
   **United States District Judge**

4